## W. A. LILLER BLDG. CO. et al. v. REYNOLDS et al.

(Circuit Court of Appeals, Fourth Circuit. October 26, 1917.)

No. 1550.

1. BANKRUPTCY ⊛288(1)—RECOVERY OF ASSETS—SUMMARY PROCEEDINGS—"ADVERSE CLAIMANT."

Where an insolvent forms a corporation, with near relatives as incorporators and nominal stockholders, to which he conveys his property for the purpose of placing it beyond the reach of his creditors, such corporation is a colorable holder only for the insolvent, and not an "adverse claimant," as against his trustee in bankruptcy, within the meaning of Bankr. Act July 1, 1898, c. 541, § 23a, 30 Stat. 552 (Comp. St. 1916, § 9607), requiring a plenary suit to determine the right to the property; but the bankruptcy court has jurisdiction by a summary order to direct its seizure and sale.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Adverse Claimant.]

2. BANKRUPTCY ⊛120—TRUSTEES—COMPETENCY OF ATTORNEYS FOR CREDITORS.

Attorneys for petitioning creditors may properly be appointed trustees for a bankrupt.

3. BANKRUPTCY ⊛206—SALE OF PROPERTY—PROPERTY SUBJECT TO SALE.

That a family corporation, formed by an insolvent to take over his property to protect it from creditors, paid off valid judgments of a state court which were a lien on the property, does not render such property exempt from sale by the bankruptcy court.

4. BANKRUPTCY ⊛407(3)—DISCHARGE—GROUNDS FOR REFUSAL—FRAUDULENT TRANSFER OF PROPERTY.

To justify the denial of a discharge to a bankrupt on the ground that he transferred property with intent to hinder, delay, or defraud his creditors, the transfer must have been effective to place the property beyond the jurisdiction of the bankruptcy court to seize it by summary proceedings.

Appeal from the District Court of the United States for the Northern District of West Virginia, at Martinsburg, in Bankruptcy; Alston G. Dayton, Judge.

In the matter of W. A. Liller, bankrupt; Frank C. Reynolds, Taylor Morrison, and Andrew Woolf, trustees. The W. A. Liller Building Company and Z. T. Kalbaugh appeal from an order for the sale of property. Affirmed.

The following is the opinion of Dayton, District Judge, in the court below, upon petitions to revise.

[1] I have carefully examined the questions involved in this bitterly contested controversy, and am satisfied that the crucial one is whether the referee had power, by summary order, to direct the seizure of the personal property claimed by the W. A. Liller Building Company, a corporation, as the property of the bankrupt, or, in other words, whether the claim thereto by this cor-

⊛For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

poration was adverse and required a plenary suit to determine its validity. Collier (10th Ed.) at page 477, discussing section 23b of the Bankruptcy Act, very pertinently says: "It is impossible to declare a general rule which will determine in every case whether a person claiming a right or interest as against the trustee is an adverse claimant."

Generally possession of the property is a controlling element, and, where such possession is in a claimant, it is not a right of the bankruptcy court by summary proceeding to determine the nature of the possessor's right and title to it. Such summary proceeding should always be resorted to with caution. However, the cases of York Mfg. Co. v. Brewster, 174 Fed. 566, 98 C. C. A. 348, In re Rieger et al. (D. C.) 157 Fed. 609, In re Berkowitz (D. C.) 173 Fed. 1013, and In re Holbrook Shoe & Leather Co. (D. C.) 165 Fed. 973, seem to well establish the doctrine that, where an individual is insolvent and undertakes to form a corporation, with near relatives as incorporators, to which he conveys his property with a view to withdraw such property from the reach of creditors, such corporation should not be held to be an adverse claimant, its holding to the contrary is only colorable and should be held to be that of the insolvent himself. It seems to me the logic of such conclusion is clear. A corporation is only a creature of law, and the law never creates means to defraud. By the admission of the bankrupt himself in this case the building corporation was formed for no other purpose than to withdraw his property from the reach of his creditors and enable him to secure for himself a salary and possibly some gain for the incorporators, who were himself, his wife, his son under age, his brother-in-law, and his attorney securing the corporation charter for him. The shares of stock subscribed by others than himself were nominal, two shares of the par value of $25 a share, those of the son and attorney being paid for in services.

The case here, it seems to me, falls clearly within the legal principles established by the cases cited, and therefore I must hold that the referee was justified, by summary order, in directing the seizure of the property.

[2] Having so determined this question, the other rulings of the referee can be easily disposed of. One is to the allowance made to the attorneys for the petitioning creditors, two of whom were also trustees. The impression indicating that it was improper to appoint such attorneys trustees is erroneous. "A general creditor of a bankrupt or his attorney is competent." Loveland (4th Ed.) vol. 1, p. 730, § 353; In re Lewensohn (D. C.) 98 Fed. 576; In re Lazoris (D. C.) 120 Fed. 716; In re Blue Ridge Packing Co. (D. C.) 125 Fed. 619. The fee allowed here was paid out of funds payable to a secured bank creditor who has not complained of it. I think it could have done so under the ruling in Re Gillespie (D. C.) 190 Fed. 88, but not having done so, and months having elapsed since the allowance was made, I am inclined to hold it now estopped by its acquiescence from doing so. I do not think others can complain.

[3] The contention made, that in order to take over this property the corporation went into bank and borrowed $2,500 and paid off outstanding executions issued upon judgments rendered more than four months before bankruptcy proceedings, whereby this property became exempt, does not strike me as sound under the rulings of New River Coal Land Co. v. Ruffner Bros. (two cases) 165 Fed. 881, 91 C. C. A. 559 (C. C. A. 4th Ct.), and Graham Mfg. Co. v. Davy-Pocahontas Coal Co., 238 Fed. 488, 151 C. C. A. 424 (C. C. A. 4th Ct.), to the effect that the bankrupt court's jurisdiction is exclusive; and I think they exclude the idea that the bankrupt and a corporation formed by him to purchase the property, as this one was, shall be permitted to determine whether such sale shall stand or not. It is for the bankrupt court to determine that question, and, where creditors demand a sale of it, I cannot see how it can be well refused. The question as to whether the bank making this loan, or a surety paying it, is entitled to subrogation to the liens of the executions, and entitled to payment out of the proceeds of sale, as I understand, by the referee's decree, is not determined, but reserved, and therefore I make no expression as to that, only determining that, if he should sustain such subrogation, the common creditors are entitled to have the property sold in order that it may be determined whether it will bring a surplus for their

benefit, and in order that the property itself will not suffer dissipation, deterioration. and loss pending the determination of their contest against the right to subrogation in case they determine to contest it.

Finally as to the planing mill: I do not understand that the referee's order contemplates a sale of the wife's real estate, but does contemplate a sale of the machinery located in the mill. This property is clearly subject to sale, unless this machinery is so attached to the realty as to make it part thereof. There is nothing to show it to be so attached. Under recent rulings of the Supreme Court it seems to be a rather difficult proposition to establish such machinery to be so attached. ' See Holt v. Henley, 232 U. S. 637, 34 Sup. Ct. 459, 58 L. Ed. 767, and Detroit Steel Cooperage Co. v. Sistersville Brewing Co., 233 U. S. 712, 34 Sup. Ct. 753, 58 L. Ed. 1166. The conclusion I reach is that the orders of the referee complained of must be approved and affirmed. The order to this effect will not be entered for ten days, so that petitioner here asking revision may have time to prepare papers for appellate review if such review is desired.

[4] The holding herein that the bankrupt attempted transfer of his property to the corporation was in fact no transfer · thereof disposes of the objections made to his discharge. He must have actually "transferred" such property or removed it. so that it will be beyond reach of creditors and the bankruptcy court's jurisdiction to summarily seize. This I have held he did not do; therefore he is entitled to his discharge, not having violated clause 4, subsec. "b," § 14, of the Bankrupt Act (Comp. St. 1916, § 9598).

William MacDonald, of Keyser, W. Va., for appellants.

Frank C. Reynolds and Taylor Morrison, both of Keyser, W. Va., for appellees.

Before KNAPP and WOODS, Circuit Judges, and CONNOR, District Judge.

PER CURIAM. We are satisfied with the disposition of this case in the court below and with the reasons assigned therefor by the learned District Judge. The decree is accordingly affirmed on his opinion.

Affirmed.